And our next case this morning will be OFFICE AUTOMATION v. THE UNITED STATES ARMY. MR. ABRAMS Good morning, your honors. May it please the court, I'm Dan Abrahams. I'm counsel for OFFICE AUTOMATION. There are four reasons that I believe the board's decision should be reversed. In the first place, I think you should just look at the plain language of the contract. The most accessible of my oppositions to the summary judgment is that the contract itself can be read and interpreted by this court. That's a de novo decision. You don't have to defer to the board below. You can make your own legal interpretation about what this contract means. Well, the contract was very explicit that it had to comply with the Service Contract Act, correct? That's correct, your honor, yes. And the question is whether this reference to wages or wage rates gave them the wage rates that they needed to comply with the Service Contract Act. And your argument now is that this was an internal government website. It wasn't accessible to the contractor. The problem, it seems to me, is that during the proceedings before the BTA, that the government said basically that this was accessible and that you did not contradict that. And if I understand the procedures of the board, and it's not much discussed in the brief, that they're somewhat similar to the district court procedures that you have a statement of material facts by one side and then the other. But the other side doesn't contradict that if they get admitted. And so why isn't it correct that the government, having said that this was accessible and that you didn't dispute that in your response to the government's statement of undisputed material facts, that you're bound by that? What the government said to the board is if you click on a web link or you post the web link in your browser, the wage determination would appear. That's what they told the board. And then the board concluded, therefore, it was accessible to the contractor. But did you contradict what the government said? Yes. With? In our complaint, we said it failed to include or make reference to the required rate. The complaint's irrelevant. When you get to the point of having a statement of undisputed material fact, then you've got to respond to that. You file a two-, three-, four-page response to that. The question is, did you contradict the government's statement in that response? There's an unsworn statement by the government. There's a response from my client, Pro Se, and this is what she said. Don't interrupt me. Those things are always not in the form of affidavits or declarations. They are just statements by counsel. Here are the undisputed facts. The other side can contradict it. Where did you contradict it? She said in her response, she said that the attached printed— Which page are you at? This is page A206 of the record, Pro Se Opposition Summary Judgment. The attached printed physical component of the wage determination was not found. Therefore, the wage determination was not attached. The was not found is in bold. The was not attached. The attached is in capital. Yeah, but that's a reference to the not being physically attached, which it wasn't. It doesn't say that it was inaccessible on the web. The government never said it was accessible on the web. It said that you had to either put it in a browser or click on a link, and then it would appear. You're asking her to respond to something that wasn't in the motion and to give some magic language. We don't require our Pro Se parties to sort of stand on one leg and wave their hands in the air and give some magic incantation. I'm missing—are you contesting that you would not have found these wage rates by doing what the government suggests? Yes, sir. Based on what? Based on the fact that this is a government website that's access to government computers only. And she couldn't possibly— And your evidence is experimentation by counsel in 2011. But the evidence is an official record of the U.S. government. Indeed, the very agency that administers this website is a party here saying that you cannot access the website. And when was that? That was in 2011. Things change, okay. They do. And you don't know whether they change, do you? I do know, but it's not in the record. I'll agree to that. Even if it wasn't instantly accessible or whatever the problem is, wouldn't it be your duty to inquire further? I have some wage rates here. What are they? Isn't that your duty and not the government's? If there's a patent ambiguity in the contract, I have a duty to bring that patent ambiguity to the attention of the contracting agency so they can correct it. That's the standard rule of law. The issue is whether there's a patent ambiguity in this contract. Don't forget— Well, they're telling you you have to have wage rates, and you get them by clicking on this. If you clicked and it didn't open, isn't it now your duty to say the wage rates are not disclosed? What are they? The solicitation didn't tell her to click on the website or to put it in a browser. There's no instructions in that clause. You look at that naked wage rate clause. This is the contract interpretation issue, and you don't see any reference to the Service Contract Act, to a wage determination, to a corporation by reference, nor do you see any instructions to click on a web link or to put it in the browser, nor do you see any description that tells you what's there. So how are you supposed to know that that's the ambiguity? But you know you have to comply with the wage rate. This is just contracting— 101. 101, yeah. And so you have to know what the wage rate is, don't you? Well, here's what the contract says. The contract specifically says we've requested a wage rate from the Department of Labor. It's a collectively bargained special wage determination, because there's a special rule under the Service Contract Act for getting CBA as opposed to regular area wage determinations. And the contract says we've asked for that. And at that time, you waited for the Department of Labor to issue a wage determination. And the contract then says if no wage determination is attached, pay at least the FLSA minimum wage. And then the FAR regulations specifically provide that if the wage determination comes out after award, it's supposed to be put into the contract, and the contract is supposed to be equitably adjusted. And so there's no ambiguity on the face of the contract. But all of that requires you to know the wage rate. But no one knows the cost of bargaining wage rates except the Department of Labor. So let's assume that we have the same contract here with the same heading, wage rates, and there was a web address. And let's assume as a matter of fact that by clicking onto that web address, you could get the wage rates that you required. I know you disagree with that, but let's assume that you could get the wage rates that way. Would you lose? Perhaps. That's what the board actually said, I think, in its decision. And I disagree with that because ordinarily the government should physically put the wage determination in the contract. That's wage and hour 101. Why would you say perhaps? I don't understand that. I say perhaps because that's not our facts here. If there was a formal incorporation of a wage determination... Do not interrupt me. Please do not interrupt me. I know you say that's not the facts here. But let's assume hypothetically that it were the facts here, that you could click on and get the wage rates. Would you lose? With a proper incorporation by reference and notice and using the proper FAR clauses and referencing the wage determination in a manner that would alert me to what it is, I think I could lose. And the court could find that that was a valid incorporation by reference. It's not the best practice, but it may suffice. So I don't disagree that they might be able to incorporate a wage determination by reference. What I quibble with here, and it's more than quibble with, is that you can't simply not attach a wage determination and not alert the contractor that there's some place they're supposed to go to get it and then force them to comply with that wage determination. That's the case you have here, is an absent wage determination, not in the solicitation or contract, which has been conjured up from a government website and the contractor is being forced to comply with that determination when the contractor didn't have it when they submitted their bid. How could you win if what the government said in its fine statement of material facts is correct? It says a web address for the appropriate wage rates at the time was identified in the clause. By clicking on this link when reviewing the solicitation on a computer connected to the internet or typing the link on an internet web browser, the app of the Department of Labor wage rates would be displayed. If that is true, how can you win? Because the clause doesn't say that, too. It doesn't alert you. And that's what the government says later. You have to interpret the contract on its face. Did it incorporate the wage determination? So that's one way I win, is you interpret the contract and look at the clause. The second way I win is that that's a misrepresentation. It's simply not true that that wage determination is available to her, that she could just click on it and get it. How do you interpret the wage rates heading that's above the URL? I interpret that as meaning the government employee wage rates. There's a statutory provision on the Service Contract Act, right in the statute, that says the agency shall put the wage rates paid to federal employees in the solicitation. That's a mandate of Congress. And they didn't do that apparently here, but that's what that clause looks like to me. It's a reference to federal employee wage rates, which are then used by the Department of Labor to put out that collectively bargained wage determination. What evidence is there in the record that that's what it looked like to your client? Because it says wage rates. It doesn't say Service Contract Act wage determination. That's the evidence that it says wage rates. On its face, correct. That's what the clause says. You have to interpret that clause on its face. Don't interrupt, counsel, that's a bad habit. I'm apologizing. So in effect you're conceding that there is no other evidence. There is no other evidence I am conceding what my client interpreted that to mean. Yes. Would you like to save the rest of your rebuttal time? I would. Abrams. Thank you. Thank you. Mr. Lester. May it please the Court. Just to step back to go back to what the issue before the board was, just to make sure that's clear, appellant counsel started off saying the issue here is about the interpretation of the contract. Contract interpretation wasn't the issue before the board originally. It was a unilateral mistake claim that was being made, and that's what was litigated through summary judgment. Only after summary judgment was entered in the government's favor did the appellant get new counsel who came in and tried to change the theory from a unilateral mistake theory for which the contractor should seek reformation to a basically changes clause issue for an equitable adjustment because the O.L. Well, it's true that they changed their theory, but the basic facts are the same, right? The facts are the same, but for the fact that before reconsideration, the reconsideration motion, no allegation has ever been made that the link didn't work. That was new. No, I understand that, but that seems to me to be a different question because it's something that was addressed by the BCA the first time around. It was. They relied on your statement and the failure of the contractor to contradict it and made a finding that the thing was available. So that's the issue we're disputing now, and it doesn't seem to me that while they may be using that for a different legal theory, it's the same basic factual issue. And with regard to that point, Your Honor, just to make sure the record is clear because the court had asked the appellant's counsel, the government plainly put this statement into the record with regard to the link actually working at appendix page 183, paragraph 8, and then the appellant's response, the pages from the response that are in the appendix are pages 204 through 210, and the appellant simply did not contest as you can see from her response, didn't contest that the link worked. And on the reconsideration decision, the board actually said, and I'll quote, that the appellant had to have known before the record closed for purposes of the board's original decision whether or not it actually tried the website provided in the solicitation and then whether it could or could not access a wage determination by using the website. Yet, OATC never made any allegations supported or unsupported, in quote, challenging the government's assertion. The board certainly acted well within its discretion not to reopen the record to admit some webpage searches from 2011 to constitute evidence of what would have been available in 2004. Certainly those web searches could have been done before the summary judgment was entered in the government's favor, and certainly there's no abuse of discretion to have denied that. And that's really the issue that's before the court here, whether the board had to admit this and then basically reconsider its factual findings and make a new argument. For these reasons, we would ask the court to put forward the board's decision. Thank you, Mr. Lester. Mr. Abrams, you have about three minutes. Thank you, Your Honor. The summary judgment has to be supported by substantial evidence. Even if she didn't oppose properly what the government said, you still have to evaluate the evidence in front of you and determine whether there is substantial evidence to support summary judgment. And here you have a clause that's an HTTPS website. It's a secured website. And you have evidence that was offered here on reconsideration. The standard is whether there was a genuine issue of material fact on the granting of the summary judgment. And what we're hearing is that there's no genuine issue of material fact on that point. I disagree, Your Honor, respectfully. I think there was an issue. She said it's not attached, it's not found. She just didn't give the same magic words that you apparently wish to hear. She says attached printed physical components were not attached. What does that have to do with the website? She says they're not found, too. Your Honor, yes. That's what she says in response to the motion. She says the printed physical components were not found, therefore the wage determination specification was not attached in caps. I believe that opposed the material facts and summary judgment put an issue in place. Was it attached and was it found? And the board concluded that it was found there. And so I believe she put it in issue. But I'm trying to address the rebuttal now. The other part of summary judgment has to be supported by substantial evidence. And you have to look at the evidence in the record. And the evidence in the record is based on a misrepresentation from the government. The government's never come forward and said that representation is truly correct. And nobody's ever asked the government if that's the case. And in fact, the contracting agency's own official record on the Internet says that private computer-related individuals like contractors can't go to that website to get that record. And it said it in 2004. Is that your representation of this court? I don't know what that said in 2004, but my representation of court is that's the way it was in 2004. This was a private website of the Army Corps of Engineers where they went to get wage determinations and then physically attached those wage determinations to solicitations. That it was not publicly available, that she didn't have the certificate to access that secured website, and it was impossible for her to know what was there. Give me a cite for the record and I'll look at it, where it says that. It doesn't. It just says HTPPS. And then there's the new evidence, the official records, of the Corps of Engineers, which say it's only government computers. That's all that's in your record. Thank you, Mr. Reubens.